IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Franklin Mackensie Robinson,    ) | Criminal Action No.: 4:10-cr-599-RBH-1 |
| ) | Civil Action No.: 4:14-cv-364-RBH |
| Petitioner,    ) | |
| ) | |
| v.    ) | **ORDER** |
| ) | |
| United States of America,    ) | |
| ) | |
| Respondent.    ) | |
| ) | |

Pending before the Court is Franklin Mackensie Robinson's ("Petitioner's") pro se Motion to Vacate, Set Aside, or Correct Sentence ("Motion to Vacate") pursuant to 28 U.S.C. § 2255, *see* ECF No. 892.  For the following reasons, Petitioner's Motion to Vacate is dismissed.[1]

### PROCEDURAL HISTORY AND FACTUAL BACKGROUND

On May 26, 2010, a federal grand jury returned a twenty-three count indictment against Petitioner and several co-defendants.  *See* Indictment, ECF No. 3.  Petitioner was charged in two of those counts: (1) Count 1 for conspiracy to possess with intent to distribute and to distribute cocaine and cocaine base involving 500 grams or more of cocaine and 50 grams or more of cocaine base; and (2) Count 2 for possession with intent to distribute and distribution of a quantity of cocaine base.  *See id.* at 1–2.

---

[1] Because the pleadings, files, and records conclusively show that Petitioner is not entitled to relief, an evidentiary hearing is not necessary.  *United States v. Diaz*, 547 Fed. App'x 303, 304 (4th Cir. 2013) (citing *United States v. Witherspoon*, 231 F.3d 923, 925–27 (4th Cir. 2000)); *see also United States v. Yearwood*, 863 F.2d 6, 7 (4th Cir. 1988), *abrogated on other grounds by Padilla v. Kentucky*, 559 U.S. 356 (2010) (citing *United States v. Baysden*, 326 F.2d 629, 631 (4th Cir. 1964)) (recognizing that "[a] hearing is not required . . . on a § 2255 motion if the record of the case conclusively shows that petitioner is entitled to no relief").

Petitioner entered a plea of not guilty and proceeded to a trial. Petitioner was tried before a jury from May 9, 2011 through May 12, 2011. *See* Minute Entries, ECF No. 487–492. On May 12, 2011, the jury found Petitioner guilty on both Count 1 and Count 2. *See* Jury Verdict, ECF No. 502. On October 13, 2011, the Court sentenced Petitioner to a total term of 360 months. *See* Minute Entry, ECF No. 623; Judgment, ECF No. 630. Petitioner appealed, and defense counsel filed a brief alleging the following issues: (1) whether the District Court erred in enhancing Petitioner's sentence due to a mandatory minimum based on activities that took place before he reached the age of eighteen, in violation of the Eighth and Fourteenth Amendments; (2) whether the District Court erred in allowing the chapter four enhancements in the sentencing based on activities that took place before Petitioner reached the age of twenty-one; and (3) whether the District Court erred by allowing a recorded conversation (number 1105 of November 29, 2010) of Petitioner into evidence. On July 24, 2012, the Fourth Circuit Court of Appeals affirmed the District Court's judgment. *See United States v. Robinson*, 489 F. App'x 676 (4th Cir. 2012).

On February 10, 2014, Petitioner filed the instant Motion to Vacate. *See* ECF No. 892. On February 24, 2014, the Government filed a Motion to Dismiss or in the alternative for Summary Judgment, asserting that Petitioner's Motion was without merit. *See* ECF Nos. 897 and 898. An Order filed February 25, 2012, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), advised Petitioner of the dismissal procedure and the possible consequences if he failed to respond adequately. *See* ECF No. 899. After receiving an extension of time, Petitioner timely filed a Response in Opposition on May 2, 2014. *See* ECF No. 909. Plaintiff subsequently filed two additional documents discussing the Fourth Circuit's panel decision in *Whiteside v. United States*, 748 F.3d 541 (4th Cir. 2014) in support of his arguments. *See* ECF Nos. 911 and 928.

Petitioner's Motion to Vacate alleges the following ground for relief:

> **Ground 1**: Petitioner has a fundamentally defective sentence due to the new retroactive rulings of *Descamps*, *Montes-Flores* and *Hemingway* determining that a South Carolina conviction based off the fact that ABHAN could no longer be used to enhance a sentence and determine whether or not a person is a career offender under the sentencing guidelines therefore establishing that Petitioner's sentence is defective.

ECF No. 892 at 4.

## APPLICABLE LAW

Prisoners in federal custody may attack the validity of their sentences pursuant to 28 U.S.C. § 2255. In order to move the court to vacate, set aside, or correct a sentence under § 2255, a petitioner must prove that one of the following occurred: (1) a sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose such a sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255(a).

In deciding a motion to vacate, the court may summarily dismiss the motion "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief." Rules Governing Section 2255 Proceedings 4(b); *see* 28 U.S.C. § 2255(b) (a hearing is not required on a § 2255 motion if the record of the case conclusively shows that petitioner is entitled to no relief). An evidentiary hearing "is required when a movant presents a colorable [] claim showing disputed material facts and a credibility determination is necessary to resolve the issue." *United States v. Coon*, 205 F. App'x 972, 973 (4th Cir. 2006) (citing *United States v. Witherspoon*, 231 F.3d 923, 925–27 (4th Cir. 2000)). However, a hearing is not required unless the claim shows "disputed facts involving inconsistencies beyond the record." *United States v. Robinson*, 238 F. App'x 954, 955 (4th Cir. 2007). Conclusory allegations contained within

3

affidavits do not require a hearing. *Strong v. Johnson*, 495 F.3d 134, 139–40 (4th Cir. 2007). "Thus, no hearing is required if the petitioner's allegations 'cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact.'" *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999) (quoting *Engelen v. United States*, 68 F.3d 238, 240 (8th Cir. 1995)).

## ANALYSIS

### I.     Arguments of the Parties

Petitioner contends that the Fourth Circuit's decision in *United States v. Hemingway*, 734 F.3d 323 (4th Cir. 2013) was a "circuit busting ruling, which overturned prior precedent." *See* ECF No. 892-1 at 4. Petitioner notes that *Hemingway* held that a South Carolina conviction for ABHAN does not qualify as a predicate "violent felony" for purposes of the Armed Career Criminal Act. *See id.* Petitioner then asserts that the Fourth Circuit extended *Hemingway* in *United States v. Montes-Flores*, 736 F.3d 357 (4th Cir. 2013), holding that ABHAN could not be considered a crime of violence in the sentencing guideline context, including examining whether a person was a career offender. *See id.* Petitioner argues that these rulings, heavily based on the Supreme Court's decision in *Descamps v. United States*, __ U.S. __, 133 S. Ct. 2276 (2013), established that his career offender status "could no longer be upheld by the Court," as he now has "a fundamentally defective sentence." *Id.* Petitioner argues that these decisions are retroactive to cases on collateral review, and thus his Petition should be deemed timely because it was filed within a year of those decisions. *See id.* at 5–7.

In response, the Government filed a motion to dismiss or in the alternative for summary judgment and a response in opposition to Petitioner's motion. *See* ECF Nos. 897 and 898. In these filings, the Government articulates several arguments for why the motion to vacate should be

4

denied. First, the Government asserts that Petitioner's motion is improper because errors in the calculation of the advisory sentencing guidelines are not cognizable on collateral review, and that no fundamental miscarriage of justice occurred in this situation because Petitioner's guideline range was 360 months to life even without the career offender designation. *See* ECF No. 897 at 5. Next, the Government argues Petitioner's claim is procedurally defaulted as he did not raise the issue on direct appeal. *See id.* at 6. Finally, the Government contends that the statute of limitations for filing a § 2255 motion expired in 2013, and Petitioner did not file this motion until February 10, 2014. *See id.* The Government asserts that equitable tolling would not apply in this matter to excuse the late filing by Petitioner.[2] *See id.*

Petitioner filed a response in opposition to the Government's motion. In his response, Petitioner reiterates that pursuant to *Hemingway* and *Montes-Flores*, he is no longer a career offender and his sentence should be corrected. *See* ECF No. 909 at 1–2. Petitioner cites to the panel decision in *Whiteside*, which held that an erroneous application of the career offender provision was a fundamental miscarriage of justice that could be corrected on collateral review. *See id.* at 2–3. He asserts that, for the reasons set forth by the panel in *Whiteside*, his petition should be deemed timely. *See id.* at 3. Petitioner also filed two articles discussing the *Whiteside* panel decision and its ramifications. *See* ECF Nos. 911 and 928.

## II.     *Whiteside*

Petitioner relies heavily on the panel decision of *Whiteside*, which was issued after the Government filed its motion and response in opposition in this matter. Accordingly, the Court will take a moment to discuss the history of the *Whiteside* decision. In *Whiteside*, the petitioner filed a

---

[2] The Government also acknowledges the non-retroactivity doctrine, but asserts that the Department of Justice has instructed its attorneys not to raise the *Teague v. Lane*, 489 U.S. 288 (1989) defense in *Descamps* collateral litigation.

motion to vacate, set aside, or correct his sentence, arguing that in light of *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011), he did not qualify as a career offender and that he should be resentenced without the enhancement.  *See* 748 F.3d at 544–45.  The petition, however, was untimely as it was filed more than a year after the conviction became final.  *See id.*  Nevertheless, the court determined that the statute of limitations should be equitably tolled because Whiteside was unable "to obtain meaningful relief prior to [the Fourth Circuit's] decision in *Simmons*."  *Id.* at 548.  The court then examined whether Whiteside's challenge was cognizable on collateral review and determined that "an erroneous application of the career offender enhancement amounts to a fundamental miscarriage of justice that is cognizable on collateral review."  *Id.* at 552.

The Government, however, filed a petition for rehearing *en banc* in *Whiteside*, which the Fourth Circuit granted on July 10, 2014.  *See* 578 F. App'x 218 (4th Cir. 2014).  On December 19, 2014, the Fourth Circuit issued its *en banc* decision affirming the District Court's dismissal of Whiteside's petition as untimely.  *See* 775 F.3d 180.  The court found that Whiteside's statute of limitations had expired, equitable tolling did not apply, and dismissal of the petition was appropriate.  The court rejected Whiteside's argument that the petition was timely under 28 U.S.C. § 2255(f)(4), finding that *Simmons* was a change in law, not a new fact.  *See id.* at 183.  Moreover, the Court found that equitable tolling did not apply because "the only impediment to timely filing was the discouragement felt by petitioner when calculating his odds of success."  *Id.* at 186.  § 2255(f)(3) governs when tolling would lie as a result of a change in law, and only applies where "the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review."  28 U.S.C. § 2255(f)(3).  Having found that the petition was untimely, the Court did not address the

6

"fundamental miscarriage of justice" analysis of the panel. *See generally id.* However, in light of the *en banc* decision, the panel's decision (which Petitioner relied on) has been vacated.

**III.     Analysis**

The Court agrees with the Government that Petitioner's motion to vacate should be dismissed. As the Government correctly argued, Petitioner's claim is not cognizable on collateral review. As the Fourth Circuit has explained, "[b]arring extraordinary circumstances . . ., an error in the application of the Sentencing Guidelines cannot be raised in a § 2255 proceeding." *United States v. Pregent*, 190 F.3d 279, 283–84 (4th Cir. 1999); *see also United States v. Goines*, 357 F.3d 469, 477 (4th Cir. 2004) ("[Guidelines] claims ordinarily are not cognizable on in § 2255 proceedings."). The Fourth Circuit has specifically found that an alleged error in calculating a defendant's guideline range cannot surmount 2255's procedural bar where the Petitioner received a sentence that did not exceed the statutory maximum. *See* 28 U.S.C. § 2255(a); *United States v. Pregent*, 190 F.3d 279, 283–84 (4th Cir. 1999); *United States v. Mikalajunas*, 186 F.3d 490, 495–96 (4th Cir. 1999). Here, Petitioner faced a maximum term of imprisonment of life. *See* PSR, ECF No. 633 at 21. At sentencing, he received 360 months. *See* Judgment, ECF No. 630. Thus, his sentence did not exceed the statutory maximum.[3]

The Court also agrees with the Government that Petitioner's claim is procedurally defaulted. As the Supreme Court has explained:

> The writ of habeas corpus and its federal counterpart, 28 U.S.C. § 2255, 'will not be allowed to do service for an appeal.' For this reason, nonconstitutional claims that could have been raised on appeal, but were not, may not be asserted in collateral proceedings.

---

[3] Moreover, as the Government notes, no fundamental miscarriage of justice or extraordinary circumstances exist in this case because even without the career offender designation, Petitioner's guideline range was 360 months to life. Both counsel for the Government and counsel for Petitioner acknowledged this at the sentencing proceeding. *See, e.g.*, Transcript, ECF No. 646 at 5–6.

> (internal citations omitted) Even those nonconstitutional claims that could not have been asserted on direct appeal can be raised on collateral review only if the alleged error constituted 'a fundamental defect which inherently results in a complete miscarriage of justice.'"

*Stone v. Powell*, 428 U.S. 465, n. 10 (1976); *see also United States v. Boyd*, No. 02–6242, 2002 WL 1932522, at *1 (4th Cir. Aug. 22, 2002) ("Non-constitutional claims that could have been raised on direct appeal . . . may not be raised in a collateral proceeding under § 2255."). Unless petitioner can show that the ground for error was unavailable on direct appeal, a court may not consider the ground in a § 2255 motion without a showing of: (1) cause for not raising the ground on direct appeal and (2) actual prejudice resulting from the alleged error, that is, alternatively, that petitioner is "actually innocent." *Bousley v. United States*, 523 U.S. 614, 621 (1998). "The existence of cause for a procedural default must turn on something external to the defense, such as the novelty of the claim or a denial of effective assistance of counsel." *United States v. Mikalajunas*, 186 F.3d 490, 493 (4th Cir. 1999). As the Government correctly noted, Petitioner has made no attempt to show cause and prejudice to excuse his procedural default.

Finally, the Court also agrees that the motion to vacate is untimely. The timeliness of Petitioner's Motion to Vacate is governed by 28 U.S.C. § 2255(f). The section provides the following:

> A 1–year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action:

> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

For purposes of the one-year limitation period, if a petitioner pursues direct appellate review but does not file a petition for a writ of certiorari with the United States Supreme Court, the judgment of conviction becomes final when the time for seeking such review expires. *See Clay v. United States*, 537 U.S. 522, 532 (2003). A petitioner has ninety (90) days to seek certiorari review after the court of appeals enters its judgment. *See* Sup. Ct. R. 13.1 ("[A] petition for a writ of certiorari to review a judgment in any case, civil or criminal, entered by . . . a United States court of appeals . . . is timely when it is filed . . . within 90 days after entry of the judgment."); *see also Hill v. Braxton*, 277 F.3d 701, 704 (4th Cir. 2002).

Here, Petitioner's conviction and sentence were imposed by Judgment on October 14, 2011. Petitioner then filed a direct appeal, and the Fourth Circuit affirmed his conviction and sentence on July 24, 2012. *See Robinson*, 489 F. App'x 676. Because Petitioner did not file a petition for a writ of certiorari with the United States Supreme Court, his judgment became final on approximately October 22, 2012. Petitioner then had one (1) year, until October 22, 2013, in which to file his § 2255 Motion. Petitioner did not file the instant § 2255 Motion until February 10, 2014, well over a year after the expiration of the limitation period. Thus, Petitioner's § 2255 Motion is untimely under § 2255(f)(1).

To the extent Petitioner asserts that his Petitioner is timely under § 2255(f)(3) or (4), the Court notes that the present petition involves the same statute of limitations hurdle as Whiteside's

9

petition. Petitioner relies on a change in law—the Fourth Circuit's rulings in *United States v. Hemingway* and *United States v. Montes-Flores* that ABHAN is categorically not a crime of violence—to argue that the petition is timely. The *en banc* decision in *Whiteside* specifically found, however, that a change in law does not qualify as a new "fact" under § 2255(f)(4).

Petitioner's assertion that he was prevented from filing this claim until the decisions in *Descamps*, *Hemingway*, and *Montes-Flores* changed the law fails to establish that the motion qualifies under § 2255(f)(3) either. First, contrary to Petitioner's argument, *Descamps* has not been made retroactive on collateral review.[4] *Groves v. United States*, 755 F.3d 588, 593 (7th Cir. 2014); *see also Mason v. Thomas*, No. 0:14-cv-2552-RBH, 2014 WL 7180801, at *4 (D.S.C. Dec. 16, 2014). Moreover, *Hemingway* and *Montes-Flores* do not represent a right that "has been newly recognized by the Supreme Court made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(f)(3) (emphasis added). Thus, Petitioner's motion does not qualify under the exception of § 2255(f)(3). Accordingly, Petitioner's motion to vacate is untimely and dismissal is also warranted for that reason.

## CERTIFICATE OF APPEALABILITY

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When the district court denies relief on the merits, a prisoner satisfies this standard by demonstrating that reasonable jurists would find that the court's assessment of the constitutional claims is debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484, (2000); *see Miller–El v. Cockrell*, 537 U.S. 322, 336–38 (2003). When the district court denies

---

[4] The Court may raise retroactivity *sua sponte*. *See, e.g.*, *United States v. Coleman*, 219 F. App'x 139, 141 (3d Cir. 2007) (holding that the District Court retained the discretion to reach the retroactivity issue *sua sponte*); *see also United States v. Mitchell*, 518 U.S. 740, 746 (10th Cir. 2010) (noting that the Supreme Court has held that non-retroactivity "may be may be raised by a court *sua sponte* under current precedent" (citing *Day v. McDonough*, 547 U.S. 198, 205–06 (2006))).

relief on procedural grounds, the prisoner must demonstrate *both* that the dispositive procedural ruling is debatable, and that the petition states a debatable claim of the denial of a constitutional right. *Slack*, 529 U.S. at 484–85. In the instant matter, the Court concludes that Petitioner has failed to make the requisite showing of "the denial of a constitutional right."

## CONCLUSION

Having thoroughly reviewed the entire record and the applicable law, the Court finds that Petitioner's Motion to Vacate is without merit, and that no evidentiary hearing is needed.

Based on the foregoing, it is **ORDERED** that Respondent's Motion to Dismiss or in the alternative Motion for Summary Judgment is **GRANTED** and Petitioner's Motion to Vacate is **DISMISSED** *with prejudice*. **IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED** because the Petitioner has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED.**

                                                  s/ R. Bryan Harwell
                                                  R. Bryan Harwell
                                                  United States District Judge

Florence, South Carolina
April 3, 2015